UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

    Plaintiff,

v.

GILBERT HEREDIA, et al.,

    Defendants.

Case No. 13-cv-05220-JST

**ORDER GRANTING MOTION TO REMAND; IMPOSING PRE-FILING ORDER**

Re: ECF No. 14

    Plaintiff Deutsche Bank National Trust Company ("Plaintiff") has moved to remand this action, and has also moved for a pre-filing injunction order barring Defendants Gilbert and Lori Heredia ("Defendants") from removing further actions.

    Defendants have twice previously removed unlawful detainer actions filed against them by Plaintiff regarding this subject property, and courts of this district have twice remanded the actions for lack of federal subject-matter jurisdiction. Referral for Reassignment with Recommendation to Remand Case, No. 12-cv-00808-NC (N.D. Cal. May 11, 2012); Order Adopting Magistrate Judge's Recommendation and Remanding Action, No. 3:12-cv-00808-WHA (N.D. Cal. June 19, 2012); Order Reassigning Case to District Judge; and Report and Recommendation to Deny IFP Application to Superior Court of California, No. 4:12-cv-04405-DMR (N.D. Cal. Sep. 14, 2012); Order Adopting Magistrate Judge's Report and Recommendationl Order Granting Motion to Remand, No. 4:12-cv-4405-PJH (N.D. Cal. Oct. 3, 2012). In the final remand order, Judge Hamilton ordered that "the clerk is hereby instructed that no futher notices of removal shall be accepted from Gilbert Heredia and/or Lori Heredia for filing without the approval of the general duty judge." Judge Hamilton permitted Plaintiffs to file this notice of removal because it involved a "different unlawful detainer action, involving the same property." Order, No. 4:13-mc-80250-PJH (N.D. Cal. Nov. 8, 2013).

Defendants have failed to assert federal question jurisdiction in this action for the same reasons identified by four judges of this Court in the two previous removals. The operative action arises under state law, and Defendants have not satisfied the procedural and substantive requirements for diversity jurisdiction. In any case, removal through diversity jurisdiction is not available to defendants who are citizens of the state in which the state action was brought. 28 U.S.C. § 1441(b).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has established "four factors for district courts to examine before entering pre-filing orders." Id. "First, the litigant must be given notice and a chance to be heard before the order is entered," second, the court "must compile 'an adequate record for review,'" third, the court "must make substantive findings about the frivolous or harassing nature of the . . . [party's] litigation," and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" Id. (citing DeLong, 912 F.2d at 1147-49).

Defendants had notice from Plaintiff's motion papers that Plaintiff was seeking a pre-filing order, and Defendants had an opportunity to be heard in their opposition papers filed with the Court. ECF No. 20. The Court has compiled a record, described *supra*, consisting of Defendants' previous two removal attempts. The Court now makes the substantive finding that Defendants' numerous attempts to remove unlawful detainer actions, which have all failed for the same reasons, are frivolous and harassing.

It appears that the pre-filing order must be slightly broader than previously imposed in order to "fit the specific vice encountered." Therefore, the Court hereby ORDERS that Gilbert and/or Lori Heredia may not remove any unlawful detainer action involving 1265 South Livermore Avenue, Livermore, California, without complying with this pre-filing order. If Gilbert and/or Lori Heredia file any Notice of Removal involving 1265 South Livermore Avenue, they are

ordered to write at the top of the first page of the Notice of Removal: "ATTENTION TO THE CLERK OF COURT: THIS FILING IS SUBJECT TO A PRE-FILING ORDER BY ORDER OF THE COURT IN CASE NUMBER 3:13-cv-05220-JST."  The Clerk shall not docket any such removal notice for filing without first referring it to the assigned duty judge, who will determine whether Plaintiffs have asserted any non-frivolous ground for removal not already addressed in the Court's three previous orders of remend.  If the duty judge determines that no such ground is identified, or if Plaintiffs fail to comply with this order, the Clerk of Court will decline to docket the Notice of Removal and shall so inform Defendants.

This order will remain in effect indefinitely.  Defendants may petition this Court to remove the order after five years from the date of this order, if Defendants demonstrate that they have ceased their practice of filing frivolous removal actions.  The Court concludes that this order is no broader than necessary to "fit the specific vice encountered."

This action is hereby REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated:  April 9, 2014

_____
JON S. TIGAR
United States District Judge